HUNTER, JR., Robert N., Judge.
Michael Lee Williams ("Defendant") challenges his 18 March 2016 conviction on three counts of first degree sexual exploitation of a minor. Defendant contends the trial court erred by reading his indictments to the jury in violation of N.C. Gen. Stat. §§ 15A-1213 and 15A-1221 (2015). After review, we find no error.
I. Facts and Background
On 25 March 2013 the Currituck County Grand Jury indicted Defendant on one count of sexual activity by a substitute parent. Subsequently, on 7 April 2014, the grand jury handed down seven more counts of sexual activity by a substitute parent. On 2 March 2015, the grand jury indicted Defendant on three counts of first degree sexual exploitation of a minor. On 29 June 2015, the grand jury indicted Defendant on two counts of statutory rape of a person 13, 14, or 15 years old, and two counts of statutory sex offense with a 13, 14, or 15-year-old. Prior to trial both the State and Defendant filed motions for joinder. Defendant then filed a motion to sever the charges of sexual activity by a substitute parent from the sexual exploitation charges. The trial court denied both the motions to join and sever at the close of the State's evidence, noting Defendant was set to be tried separately on the statutory rape and sex offense charges. On 14 March 2014, Defendant came for trial on the eight counts of sexual activity by a substitute parent and three counts of first degree sexual exploitation of a minor.
Prior to selecting the jury, the trial court addressed the venire, informing them of Defendant's name, the dates of the alleged offenses, the victim's name, and the charges against Defendant. After selecting the jury, the case proceeded to trial. The evidence tended to show the following. Defendant's stepdaughter, M.G.[1] testified she suffered sexual abuse that began after she moved into Defendant's home in January 2000 and lasted until just prior to her departure in March 2012. Following M.G.'s report to police, the Currituck County Sheriff's Department searched Defendant's home and car, and seized several items of computer equipment, including his Blackberry phone. Upon analyzing the data on the phone, technicians at the State Crime Laboratory found three nude photographs of a young female. The State recalled M.G., who testified the photographs contained images of her and Defendant engaged in sexual activity.
After recalling M.G., the State rested. Defendant moved to dismiss for insufficient evidence. The trial court denied the motion to dismiss. The Defendant called a young woman who frequently stayed at his home and befriended M.G. She testified she observed nude photographs of M.G. similar to those found on Defendant's phone on M.G.'s personal computer. After this testimony, the Defense rested. Defendant renewed his motion to dismiss, which the trial court denied. After the charge conference, the trial court instructed the jury.
The jury found Defendant not guilty of all eight counts of sexual activity by a substitute parent, but found him guilty of all three counts of first degree sexual exploitation of a minor. The trial court sentenced Defendant to consecutive terms of 73 to 97 months in prison for each count. Defendant entered notice of appeal in open court.
II. Jurisdiction
Defendant appeals the final judgment of the superior court after entering a plea of not guilty. As a result, this Court has jurisdiction to hear the appeal pursuant to N.C. Gen. Stat. §§ 7A-27(b)(1) and 15A-1444(a) (2015).
III. Standard of Review
Although Defendant failed to object to the trial court's summary of the charges against him, we review alleged violations of N.C. Gen. Stat. §§ 15A-1213 and 15A-1221de novo . See State v. Knight , 340 N.C. 531, 556, 459 S.E.2d 481, 498 (1995) ; State v. Faucette , 326 N.C. 676, 688, 392 S.E.2d 71, 77 (1990).
IV. Analysis
Defendant contends the trial court impermissibly read his indictments to the jury in violation of N.C. Gen. Stat. §§ 15A-1213 and 15A-1221. Under state law, the trial court is required to identify the parties, their counsel, and must "briefly inform the prospective jurors, as to each defendant, of the charge, the date of the alleged offense, the name of any victim alleged in the pleading, the defendant's plea to the charge, and any affirmative defense of which the defendant has given pretrial notice...." N.C. Gen. Stat. § 15A-1213 (2015). However, in doing so, "[t]he judge may not read the pleadings to the jury." Id.
N.C. Gen. Stat. § 15A-1221 governs the order of proceedings in a jury trial, prescribing the proper order of events during trial from arraignment to jury deliberations. Going further, the law mandates "[a]t no time during selection of the jury or during trial may any person read the indictment to the prospective jurors or to the jury." N.C. Gen. Stat. § 15A-1221(b) (2015).
The purpose of these statutory prohibitions is to prevent the trial court from giving the jury a "distorted view of the case before them by an initial exposure to the case through the stilted language of indictments and other pleadings." State v. Flowers , 347 N.C. 1, 35, 489 S.E.2d 391, 411 (1997) (internal quotation marks and emphasis omitted); State v. Leggett , 305 N.C. 213, 218, 287 S.E.2d 832, 835-36 (1982).
Provided the trial court adheres to the spirit of the law, it may "refer to and summarize" the indictments when introducing the case to the jury as required by N.C. Gen. Stat. § 15A-1213. State v. Shelton , 53 N.C. App. 632, 640, 281 S.E.2d 684, 690 (1981). The trial court may go as far as to read portions of the indictments, as long as it refrains from reading the indictments in their entirety. Faucette , 326 N.C. at 688, 392 S.E.2d at 77-78. In particular, the court must not "recite the language indicating that twelve or more grand jurors had concurred in issuing the indictment." Knight , 340 N.C. at 556, 459 S.E.2d at 497 ; Faucette , 326 N.C. at 688, 392 S.E.2d at 78. Defendant was charged with both sexual activity by a substitute parent and first degree sexual exploitation of a minor. At the time Defendant was tried,[2] state law defined sexual activity by a substitute parent as occurring when "a defendant who has assumed the position of a parent in the home of a minor victim engages in vaginal intercourse or a sexual act with a victim who is a minor residing in the home...." N.C. Gen. Stat. § 14-27.7(a) (2013). Similarly, first degree sexual exploitation of a minor occurs when a person "knowing the character or content of the material or performance ... [u]ses, employs, induces, coerces, encourages, or facilitates a minor to engage in ... sexual activity for a live performance or for the purpose of producing material that contains a visual representation depicting this activity[.]" N.C. Gen. Stat. § 14-190.16(a) (2015).
Defendant is correct in arguing the trial court read extensively from the indictments when introducing the case to the venire. For instance, in describing one of the counts of sexual activity by a substitute parent, the court stated
it is alleged that the defendant unlawfully, willfully and feloniously did, having assumed the position of a parent in the home with the child, M.G., under the age of 18 years of age, engaged in vaginal intercourse with that child. This act is alleged to have occurred between June 1st, 2011 and June 30th, 2011.
Also, in describing one of the counts of first degree sexual exploitation of a minor, the court stated
between June 1st, 2011 and March 31st, 2012, it is alleged that the defendant, Michael Williams, did unlawfully, willfully and feloniously did induce, coerce, encourage and facilitate a minor, M.G., who at the time was approximately 16 or 17 years old, to engage in sexual activity for the purpose of producing material contained in a visual representation depicting this activity. The victim exposing nude breasts with defendant's hand in the photograph pinching the nipple zoomed in, the defendant knowing the character and content of the material.
The trial court described all eleven counts against Defendant, quoting heavily from the indictment but in each instance replacing the statement "the jurors for the State upon their oath present" with the more neutral "it is alleged."
In reference to the eight counts of sexual activity by a substitute parent, the trial court used the language of the indictment to communicate Defendant's name, the date of the offense, the victim's name, and the sexual act that generated the charge. With respect to the three counts of first degree sexual exploitation of a minor, the trial court described to the venire the "material that contains a visual representation" of the prohibited activity. Because proof of the existence of this material was an element of the charge, the court was allowed to describe the images to the venire. See Leggett , 305 N.C. at 218, 287 S.E.2d at 835-36 (holding the use of similar language was not error because the court "merely drew information from the bills of indictment to the extent necessary to ... explain the charges against [the defendant] and the circumstances under which he was being tried"). Further, at no time did the trial court refer to the grand jury or quote from the prohibited language indicating the statements were attributable to the twelve grand jurors. See, e.g. , Knight , 340 N.C. at 556, 459 S.E.2d at 497 ; Faucette , 326 N.C. at 688, 392 S.E.2d at 78.
While the trial court's practice could have borrowed less heavily from the language of the indictments, its decision is within the bounds of the court's discretion in choosing how to comply with N.C. Gen. Stat. § 15A-1213. Here, we hold the court did not violate either N.C. Gen. Stat. §§ 15A-1213 or 15A-1221.
NO ERROR.
Report per Rule 30(e).
Judges CALABRIA and BERGER concur.

Although the victim was 21 years old at the time of the trial, the Court will refer to her by a pseudonym because she was a minor when the events leading to the convictions occurred.

Effective 1 December 2015 and applicable only to offenses committed after that date, the crime of sexual activity by a substitute parent or custodian was amended and recodified at N.C. Gen. Stat. § 14-27.31 (2015).